# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETE VASILAKOS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 12 C 5526 |
| BLITT AND GAINES, P.C., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Pete Vasilakos has sued Blitt and Gaines, P.C. (Blitt) under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692k(a). Vasilakos complains that Blitt's January 17, 2012 dunning letter contained false and deceptive statements violative of the FDCPA. Blitt contends that the FDCPA does not apply to its collection activity because the obligation it attempted to collect from Vasilakos was not a consumer debt. Blitt has moved for summary judgment. For the reasons stated below, the Court grants Blitt's motion.

## Background

The Court draws the following facts from the parties' briefs and statements of uncontested facts. On a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party and draws reasonable inferences in that party's favor. *Ault v. Speicher,* 634 F.3d 942, 945 (7th Cir. 2011).

In May 2003, Vasilakos applied for a Capital One "small business card account"

as president of P.S.E.C., Inc. Capital One approved the application and issued Vasilakos a "small business credit card." The application that Vasilakos signed included a document titled "Important Disclosures and Terms of Offer," which stated that he "acknowledge[s] and agree[s] that all cards and convenience checks will be used solely for business and commercial purposes and not for personal family or household purposes unless the Authorizing Signatory is approved for [an] Entrepreneur Card, which is not a business credit card and is expressly intended to be used for personal, family or household purposes." *See* Frances Steinberger Affid. ¶ 9 & Ex. B. Vasilakos was never approved for an "entrepreneur card."

Vasilakos used his small business credit card to incur business-related expenses relating to P.S.E.C., Inc.—a real estate business—and Rub-a-Dub Laundromat, a business that he owned until 2009. Vasilakos has offered evidence that as of March 2010, any balance due arising from charges that predated the Rub-a-Dub sale was largely or perhaps entirely paid off. He contends that after he sold Rub-a-Dub, he used the credit card for personal expenses. The Capital One customer agreement in effect at the time stated, however, that "[y]our account is a business account that must be used only for business purposes. You must never use the account for personal, family, or household purposes. We may provide you with disclosures including Truth in Lending Disclosures. Even if we do, your account will still be a business account that you will only use for business purposes." *See* Steinberger Affid. ¶ 12 & Ex. C.

On August 9, 2011, Capital One charged off Vasilakos's credit card account due to non-payment. The balance due on the card was $6,078.62. The parties dispute the composition of the balance due that Blitt was attempting to collect. For present

2

purposes, however, the Court views the evidence in the light most favorable to Vasilakos. In that light, it appears that all or the vast majority of the underlying transactions that made up the balance due were personal, not business transactions.

Blitt took over collection of the amount due on January 16, 2012. The next day, January 17, 2012, Blitt sent Vasilakos a collection letter demanding payment of $6,078.62.

Vasilakos filed the present suit in July 2012. He alleges that the account that Blitt was trying to collect was a "debt" as defined under FDCPA—in other words, a consumer debt—and contends that Blitt's dunning letter violated the FDCPA in various ways. Blitt has moved for summary judgment. It argues that the FDCPA does not apply because the obligation it was attempting to collect was not a "debt" as the FDCPA defines that term..

## Discussion

Summary judgment is appropriate when the evidence demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Bielskis v. Louisville Ladder, Inc.,* 663 F.3d 887, 898 (7th Cir. 2011). The Court construes all facts in the light most favorable to the non-moving party and draws reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). That said, the non-moving party cannot rest on its pleadings alone but instead must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegal v. Shell Oil Co.,* 612 F.3d 932, 937 (7th Cir. 2010) (internal quotation marks omitted)

The FDCPA was adopted to protect consumers by prohibiting debt collectors

3

from using abusive, deceptive and unfair debt collection practices in attempting to collect debts from consumers. *Berman v. GC Servs. Ltd. P'ship*, 146 F.3d 482, 484 (7th Cir. 1998). The statute's prohibitions apply to collection of "debt," a term defined in the statute as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). "Because not all obligations to pay are considered 'debts' under the Act, the definition of 'debt' thus serves to limit the scope of the FDCPA." *Bass v. Stopler, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

To determine whether an obligation qualifies as a "debt" under the FDCPA, a court undertakes a two-part inquiry, "first asking whether the assessments qualify as obligation[s] of a consumer to pay money arising out of a transaction, and then assessing whether the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes." *Berman*, 146 F.3d at 484. The Seventh Circuit has stated that the statute's definition of "transaction" is broad, noting that "[a]s long as the transaction creates an obligation to pay, a debt is created." *Bass*, 111 F.3d at 1325.

The evidence in this case establishes beyond question that Vasilakos obtained a business credit card and agreed with Capital One that he would use it only for business purposes. Later, however, Vasilakos used the credit card for personal, non-business purposes. More specifically, the debt that Blitt was attempting to collect was made up of purchases that Vasilakos made for personal, non-business purposes. Does that mean that Blitt was collecting a consumer debt?

4

The Seventh Circuit has held the character of the debt is determined by "the transaction out of which the obligation to repay arose, not the obligation itself." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). In *Miller*, the court considered a case in which the plaintiff bought a home via a mortgage loan, thus incurring a consumer debt. Later, after moving to a new home, he made business use of the property, renting it to others. *Id.* at 874. At this point, "the mortgage loan was financing a business rather than a consumer debt." *Id.* The defendants then attempted to collect the debt. They argued that the FDCPA did not apply because, at the time of collection, the debt was a business debt. The Seventh Circuit rejected this argument. It focused on the statutory definition of "debt," defined, as noted earlier, as an "obligation . . . of a consumer arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). The court said that "the antecedent of the first 'which'" in this clause was "the transaction out of which the obligation to repay arose, not the obligation itself; and that transaction was the purchase of a house for a personal use . . . ." *Id.* at 875. The court said that it made sense "to base the debt collector's obligation on the character of the debt when it arose rather than when it is to be collected. The original creditor is more likely to know whether the debt was personal or commercial at its incipience than either the creditor or the debt collector is to know what current use the debtor of making of the loan . . . ." *Id.*

The court in *Miller* also discussed the flip side of the scenario in that case, a situation closer to the present one: "[s]uppose the plaintiff had bought the house to use as an office, and later converted it to personal use; on the plaintiff's interpretation of the

5

Act the debt collector would not have to give him the [FDCPA-mandated] statutory warnings." *Id.* "[T]his makes perfect sense," the court stated: "The Act regulates debt collection tactics employed against *personal* borrowers on the theory that they are likely to be unsophisticated about debt collection and thus prey to unscrupulous collection methods. Businessmen [sic] don't need the warnings. A businessman who converts a business purchase to personal use does not by virtue of that conversion lose his commercial sophistication and so acquire a need for statutory protection." *Id.* (emphasis in original; citations omitted).

Vasilakos argues that this case differs from the one the court described in *Miller* because here the individual "transaction[s]" out of which the debt being collected arose were personal transactions, not business transactions. In the Court's view, however, the relevant transaction was the one in which Vasilakos obtained the Capital One credit card and became obligated to pay amounts due by way of purchases made with the card. That is, in essence, how the Seventh Circuit viewed things in *Miller.* When Vasilakos applied for the credit card from Capital One, he applied for a business credit card, not a personal credit card. And when he obtained the card, he did so pursuant to an agreement that he would use it only for business purposes. Given these understandings, the transaction in which Vasilakos obtained the card and became obligated to pay was a business transaction, not a personal or household transaction. Thus the FDCPA did not and does not apply.

An alternative rule would not make a great deal of sense, in the Court's view. As the Seventh Circuit indicated in *Miller*, the original creditor is more likely to know the character of the debt at the time of the original obligation than either the creditor of the

debt collector at the time of collection.  *See Miller*, 214 F.3d at 875.

It is also noteworthy that the original creditor, Capital One, never consented to Vasilakos's use of the card for personal, as opposed to business purposes.  Had Vasilakos used the credit card only for business purposes as he agreed at the outset, there would be no question that he would not be entitled to invoke the protections of the FDCPA.  There is no good reason why things should change based on his unilateral, unconsented-by-Capital-One conversion of his business credit card to personal use.

## Conclusion

For the foregoing reasons, the Court grants Blitt and Gaines, P.C.'s motion for summary judgment [dkt. no. 24].  The Clerk is directed to enter judgment in favor of the defendant.

                                                                                   _____
                                                                                   MATTHEW F. KENNELLY
                                                                                   United States District Judge

Date:  August 8, 2013